[No. 9169.   Department One.   March 27, 1911.]

## THE STATE OF WASHINGTON, *Respondent*, v. CHARLES E. RAY, *Appellant*.[1]

INDICTMENT AND INFORMATION—SUFFICIENCY—DEMURRER. The sufficiency of an information must be determined on demurrer by what appears on its face, and error in the admission of evidence thereafter does not affect its sufficiency.

CRIMINAL LAW—DIFFERENT ACTS—TRIAL—ELECTION—RECEIVING STOLEN GOODS. Under an information charging the larceny of fifty bushels of wheat during a certain month, and Rem. & Bal. Code, § 2601, making it larceny to knowingly buy or receive stolen property, it is competent to show that the accused offered one B. and his associates one dollar and a half a sack for all wheat they would take from cars and put in his barn, and thereafter on three different occasions during said month, he paid B. and his associates for wheat stolen by them and put in his barn; and the prosecution need not elect between the different deliveries, since it was all part of one continuous transaction.

LARCENY—GRAND LARCENY—CONTINUOUS TRANSACTION. Where the purchase of stolen property on three different occasions was pursuant to one offer and all part of one transaction, it amounts to grand larceny, under Rem. & Bal. Code, § 2605, if the total value was over twenty-five dollars, notwithstanding there might have been a conviction of petit larceny for any one of the three acts (GOSE and FULLERTON, JJ., dissenting).

CRIMINAL LAW—EVIDENCE OF ACCOMPLICES—SUFFICIENCY. A conviction of larceny by the receipt of stolen goods may be had upon the testimony of the accomplices who stole the same.

RECEIVING STOLEN GOODS—EVIDENCE—OWNERSHIP—SPECIAL PROPERTY. A conviction of larceny by the receipt of wheat stolen from railway cars may be had without evidence that the railway company owned the wheat, in view of Rem. & Bal. Code, § 2303, subd. 16, providing that any one having a general or special interest shall be deemed the owner; also where it was shown that the defendant knew the wheat was stolen.

[1] Reported in 114 Pac. 439.

Appeal from a judgment of the superior court for Whitman county, Canfield, J., entered July 8, 1910, upon a trial and conviction of larceny. Affirmed.

*J. T. Brown,* for appellant.

*Charles L. Chamberlin* (*Paul Pattison,* of counsel), for respondent.

MOUNT, J.—The appellant was convicted and sentenced under an information charging him as follows:

"The said Charles E. Ray in the county of Whitman in the state of Washington, during the month of December, 1909, then and there being, did, with intent to defraud the owner of the property hereinafter mentioned, wilfully, knowingly, unlawfully, and feloniously, unlawfully obtain, appropriate, buy, receive, conceal and withhold fifty bushels of wheat of the value of $50, the said wheat then and there being the property of the Northern Pacific Railway Company, a corporation. The said Charles E. Ray, when he did so unlawfully obtain, appropriate, buy, sell, conceal and withhold said wheat as aforesaid, knew that the said wheat was the property of the said Northern Pacific Railway Company, a corporation, and had been stolen from said Northern Pacific Railway Company, a corporation, contrary to the form of the statute," etc.

It is argued that the trial court erred in overruling the defendant's general demurrer to this information.

If we understand appellant's position, it is not that the complaint is insufficient upon its face, but that the court permitted the state to prove that the defendant had purchased the fifty bushels of wheat from different persons upon three different occasions. It is plain that, if it was error for the court to admit such evidence, this did not affect the sufficiency of the information, for the sufficiency of the information is determined by what appears upon its face, and not otherwise. The information is clearly sufficient under the rule in *State v. Druxinman,* 34 Wash. 257, 75 Pac. 814.

The witness Fred Barton, called by the state, testified, in

substance, that upon December 11, 1909, he remarked to defendant about the railway company having lots of wheat on the side track, and defendant said, "I will give you a dollar and a half per sack for all wheat put in my barn;" that on that night the witness and one Jesse Grant took ten sacks of wheat from the car and put the wheat in defendant's barn, and defendant paid the witness $15 for the wheat; that on December 18, 1909, the same two persons took five more sacks of wheat which they put into defendant's barn, and defendant paid them $7.50 therefor; that on December 23, 1909, the witness and one Joseph Miller took twelve more sacks of wheat which they put into defendant's barn, and defendant paid them $18 therefor. The witnesses Grant and Miller also testified to the same effect. This evidence was objected to upon the ground that it was incompetent, irrelevant and immaterial, which objections were overruled; and then counsel for defendant moved the court to require the state to elect upon which of these offenses it relied, for the reason that each offense was a separate offense committed upon different dates by different persons, and each of itself amounted to petit larceny, and that the three offenses could not be tacked together to make a crime of grand larceny. These objections were overruled by the court. The statute provides, at § 2601, Rem. & Bal. Code:

"Every person who, with intent to deprive or defraud the owner thereof— . . . or . . . who, knowing the same to have been so appropriated, shall . . . buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated . . . in such manner as to constitute larceny under the provisions of this act . . . shall be guilty of larceny."

And at § 2605, Rem. & Bal. Code:

"Every person who shall . . . buy, sell, receive, conceal or withhold in any manner specified in § 2601— . . . Property of the value of more than twenty-five dollars, in any manner whatever, shall be guilty of grand larceny . . . Every other larceny shall be petit larceny . . ."

Appellant now insists that the evidence should have been excluded, or that the state should have been required to elect upon which offense it would proceed; and that the court erred in permitting the conviction of grand larceny to stand.

The trial court was evidently of the opinion that the taking of the wheat by Barton and his associates and placing it in defendant's barn, upon several different. occasions, constituted one continuous transaction, and therefore that the purchase by the defendant was also one continuous transaction. The information charged that the defendant "during the month of December, 1909, . . . did . . . buy, receive, conceal and withhold fifty bushels of wheat of the value of $50." The proof showed that at about that time, the defendant said to Barton, "I will give you a dollar and half per sack for all wheat put in my barn;" that on the nights of the 11th, 15th and 23d days of December, 1909, Barton and his associates put into the barn the wheat in question. We have no doubt that, if Barton had taken one or two sacks per day until the total amounted to the value of $25 or more, and had received pay therefor at one time, the result would have been one continuous transaction. The mere fact that on the 11th day of December, Barton stole and placed ten sacks of wheat in defendant's barn; that on the 18th he placed five sacks more there, and on the 23d he placed twelve more sacks therein, and received his pay therefor at the dates named, does not change the character of the act from a continuous transaction to separate transactions; because the separate transactions were parts of the one continuous whole conceived and carried on as such. We have no doubt that the defendant might have been convicted of petit larceny for each transaction separately. But this, we think, does not show that the several transactions were necessarily separate and not continuous. The fact that the defendant said to Barton, "I will give you a dollar and a half per sack for all wheat put in my barn," fixed the character of the transaction. The whole quantity of wheat taken under that direction fixed the character of the

crime.   We think, therefore, that the court did not err in re-
fusing to sustain the objections made, or to require the state
to elect.   *State v. Dix,* 33 Wash. 405, 74 Pac. 570.

Appellant also argues that the court erred in refusing to
direct an acquittal, for the reason that the witnesses Barton,
Grant and Miller, who confessedly stole the wheat, were all
accomplices ; and that a conviction should not be allowed under
such evidence.   Our statute does not so provide.   Upon this
question the trial court instructed the jury that these wit-
nesses were all accomplices in the crime charged, and gave
the instruction substantially as was upheld by this court in
*State v. Jones,* 53 Wash. 142, 101 Pac. 708.   This was all
that was required.

Appellant also argues that there was no proof that the
stolen wheat was the property of the Northern Pacific Railway
Company.   There is no merit in this assignment, because it
was shown that the wheat was taken from the possession of the
railway company, and that the company lost that amount of
wheat.   Rem. & Bal. Code, § 2303, subd. 16.   Also, because
it was shown that the wheat was stolen wheat, and appellant
knew that fact.

We find no reversible error in the record, and the judgment
is therefore affirmed.

Dunbar, C. J., and Parker, J., concur.

Gose, J. (dissenting)—The information does not charge a
continuing offense as in *State v. Dix,* 33 Wash. 405, 74 Pac.
570.   I therefore think that each theft constituted petit lar-
ceny.   Grand larceny cannot be made to consist of two or
more petit larcenies.   The motion to require an election should
have been sustained.   I therefore dissent.

Fullerton, J., concurs with Gose, J.