[No. 8071–7–I.   Division One.   March 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. DALE
ROBERT BARTON, *Appellant.*

*Lewis H. Nomura* of *Seattle–King County Public De-fender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Marc Boman, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Following a trial to the court, the defendant, Dale Robert Barton, was convicted of five counts of forgery and one count of theft in the first degree. Based on that conviction, the court also revoked the suspended sentences the defendant received on two previous unrelated offenses. The defendant appeals all three determinations and the cases have been consolidated for appeal.

On the basis of evidence presented, the trial court was entitled to believe as follows. On five separate occasions in July of 1978, the defendant presented savings account withdrawal slips bearing the name of his brother to a teller at a Burien bank and withdrew a total of $3,000 from a joint savings account held by the defendant's mother and brother. The signature of the defendant's brother on each withdrawal slip had been forged and the bank teller identified the defendant as the person who presented the forged withdrawal slips and received the funds from the account.

The defendant was arrested on February 9, 1979 and shortly thereafter was released. His preliminary hearing in district justice court did not take place until June 13, 1979, 123 days later; and 5 days after that, he was bound over to superior court for trial. He was tried and found guilty on all counts on August 13, 1979.

Two principal issues are presented.

## ISSUES

ISSUE ONE. May a defendant for the first time on appeal raise the denial of the right to a preliminary hearing within 100 days of arrest under former CrR 3.3(b)(1) as construed by *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980)?

ISSUE TWO. Was the defendant properly charged with one

count of theft in the first degree based on five separate acts of theft in the second degree performed pursuant to a continuing criminal impulse and a single larcenous scheme or plan?

## DECISION

ISSUE ONE.

CONCLUSION. A defendant asserting a violation of CrR 3.3, the speedy trial rule, must move to dismiss the prosecution in the trial court. Only the grounds specified in that motion will be considered on appeal.

The defendant argues to this court that because more than 100 days elapsed between his arrest and preliminary hearing, the State Supreme Court's recent decision in *State v. Edwards*, 94 Wn.2d 208, 616 P.2d 620 (1980) compels dismissal of the charges against him.

It is true that *Edwards* held that under former CrR 3.3(b)(1)[1] the failure to hold a preliminary hearing within 100 days of defendant's arrest required dismissal of the prosecution. As the opinion and record in *Edwards* establishes, however, the defendant argued the precise issue raised on appeal in district court and in superior court. That is not so in the present case.

In the case before us, the record indicates that a motion to dismiss based on CrR 3.3 was not made until shortly before the defendant's superior court trial. The basis stated for that motion was that more than 60 days had elapsed between the defendant's arraignment in superior court and his superior court trial. The court concluded that only 59

---

[1]At all times herein referred to CrR 3.3(b), the speedy trial rule, provided as follows:

"(3) A defendant who is released from custody shall be brought to trial within 90 days of the applicable event set forth in subsection (b)(1)."

The "applicable events" established by CrR 3.3(b)(1) at that time were as follows:

"(1) The time limits . . . shall commence to run from the date: (a) of the order binding the defendant over to the superior court following a preliminary hearing pursuant to JCrR 2.03 or (b) of the tenth day following the defendant's arrest in the event a preliminary hearing is not held or the charge is initially filed in the superior court."

days had elapsed, a ruling which is not contested on appeal, and the case proceeded to trial. Nothing in the record suggests that the defendant ever contended below that he had been deprived of his speedy trial rights under CrR 3.3(b)(1) because his preliminary hearing was not held within 100 days of his arrest as he now contends.

■■ With the exception of jurisdictional and constitutional issues, appellate courts will review only issues which the record shows have been argued and decided at the trial court. RAP 2.5(a); *State v. Wicke,* 91 Wn.2d 638, 642, 591 P.2d 452 (1979). CrR 3.3 does not create a constitutional right, *State v. Mack,* 89 Wn.2d 788, 791, 576 P.2d 44 (1978), nor is it jurisdictional. Although the rule is to be strictly enforced, it is nonetheless a procedural rule. The right to dismissal for a violation of CrR 3.3 may be waived if not timely presented. *State v. Williams,* 85 Wn.2d 29, 32, 530 P.2d 225 (1975); *see also* CrR 3.3(e), (f), 93 Wn.2d 1123, 1129–30 (effective August 1, 1980).

The court's obligation to dismiss a prosecution for violation of CrR 3.3 is triggered by a motion by the defendant. The motion must be specific enough to direct the court's attention to the provision of the rule the defendant seeks to invoke and the basis of the motion in order to preserve the issue for appeal. RAP 2.5(a). *See generally State v. Foster,* 91 Wn.2d 466, 480, 589 P.2d 789 (1979); *State v. Boast,* 87 Wn.2d 447, 451, 553 P.2d 1322 (1976). Given the many facets of this technical rule, its several amendments and the many appellate decisions interpreting its provisions, the trial court cannot reasonably be expected, nor does it have the obligation, to rule on every possible aspect of CrR 3.3 every time there is a general incantation of the rule's applicability or an issue raised concerning one of its provisions.

A motion by a defendant addressed to the specific rule provision gives the trial court the opportunity to determine whether or not the applicable time limits have elapsed. It also enables the court in appropriate cases to find as a fact whether or not any excluded periods apply and to make a

record of such rulings for possible appellate review. *See State v. Jack,* 87 Wn.2d 467, 470, 553 P.2d 1347 (1976). Because the defendant did not raise the specific issue below, there is no trial error properly before this court for appellate review.

ISSUE TWO.

CONCLUSION. The five thefts constituted one criminal impulse pursuant to a general larcenous scheme and therefore were properly charged as one offense.

The defendant argues that the five acts of second degree theft were improperly aggregated in the information to charge one count of first degree theft. He points out that under RCW 9A.56.010(12)(c), only acts of third degree theft may be aggregated.[2]

■ The defendant was not charged under the aggregation statute, RCW 9A.56.010(12)(c), but under the theft in the first degree statute, RCW 9A.56.030. The State was permitted to charge theft in the first degree for the five transactions under the well established common law rule that property stolen from the same owner and from the same place by a series of acts constitutes one crime if each taking is the result of a single continuing criminal impulse or intent pursuant to a general larcenous scheme or plan. *State v. Vining,* 2 Wn. App. 802, 808, 472 P.2d 564, 53 A.L.R.3d 390 (1970); Annot., 53 A.L.R.3d 398 (1973).

The aggregation statute addresses itself only to those acts of third degree theft that are sufficiently similar that they may be aggregated to charge a felony of either first or second degree theft. It does not purport to abrogate the common law principle of *State v. Vining, supra.* Provisions of the common law supplement penal statutes to the extent

---

[2]RCW 9A.56.010(12)(c) provides: "Whenever any series of transactions which constitute theft, would, when considered separately, constitute theft in the third degree because of value, and said series of transactions are a part of a common scheme or plan, then the transactions may be aggregated in one count and the sum of the value of all said transactions shall be the value considered in determining the degree of theft involved."

they are consistent. RCW 9A.04.060. The principle of *State v. Vining, supra,* allowing the State to charge a series of related thefts as one crime is consistent with the aggregation statute allowing the State to charge a series of misdemeanors of third degree theft as a felony. Since there is a common law basis for the charge of theft in the first degree in these circumstances, there was no error in that regard.

We have also carefully reviewed the remaining assignments of error and find them without merit.

The trial court did not abuse its discretion in denying the defendant's request to substitute counsel. The defendant gave no reason for his lack of confidence in appointed counsel and his request on the day of trial was untimely. *State v. Shelton,* 71 Wn.2d 838, 839, 431 P.2d 201 (1967).

The defendant was not placed in double jeopardy because he was charged with theft in the first degree and forgery. A conviction for theft requires proof that the defendant actually gained control over the property with intent to deprive the owner thereof. Forgery may be proved by showing that the defendant knowingly uttered a forged instrument with intent to injure or defraud. The two offenses are separate and distinct. *State v. Goodlow,* 27 Wn. App. 769, 773, 620 P.2d 1015 (1980).

Since the photographic montage from which the bank teller initially identified the defendant was not challenged as suggestive at any stage of the trial court proceedings, and since no facts have been presented to this court indicating that it was suggestive, we will not consider the issue on appeal. *See State v. Allman,* 19 Wn. App. 169, 171–72, 573 P.2d 1329 (1977).

Finally, from the facts shown, a rational trier of fact could find beyond a reasonable doubt that the defendant knew the withdrawal slips were forged. The evidence was thus legally sufficient to sustain the conviction. *State v. Green,* 94 Wn.2d 216, 220, 616 P.2d 628 (1980).

The judgment and sentence and orders revoking the

defendant's suspended sentences are affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied April 21, 1981.

Review denied by Supreme Court June 26, 1981.