[No. 17912-1-II.    Division Two.    October 11, 1995.]
THE STATE OF WASHINGTON, *Appellant*, v. EDWARD T. HOYT, *Respondent*.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for appellant.

*Kevin M. Anderson* and *Crawford, McGilliard, Peterson, Yelish & Dixon*, for respondent (appointed counsel for appeal).

BRIDGEWATER, J. — Edward Thomas Hoyt committed a series of third degree thefts, using a common scheme or

plan, over a six-month period. The State appeals the trial court's dismissal of five of the six counts that the State had aggregated into felony counts. We hold that RCW 9A.56.010(12)(c) permits a series of third degree thefts pursuant to a common scheme or plan to be aggregated into only a single count of felony theft, not multiple counts. We affirm.

Hoyt stole his parents' automatic teller machine (ATM) card. Over a six-month period, Hoyt withdrew a total of $19,838 from his parents' bank account in a series of unauthorized ATM withdrawals. The withdrawals never totaled more than $200 at a time.

The State charged Hoyt with five counts of first degree theft, one count of second degree theft and one count of second degree possession of stolen property. Each theft count covered a one-month period during the six months Hoyt unlawfully used the ATM card: counts one through five, charging first degree theft, alleged that Hoyt stole more than $1,500 per month for five months; count six, charging second degree theft, alleged that Hoyt stole a lesser amount in the sixth month. The trial court concluded that the withdrawals were made pursuant to a common scheme or plan to support Hoyt's gambling habit.

But after a pretrial motion by Hoyt, the trial court dismissed counts two through six. The court stated that under common law, the State could aggregate multiple incidents of third degree theft into multiple counts of felony theft and then divide the felony counts into reasonable calendar periods. The court held, however, that RCW 9A.56.010(12)(c) superseded the common law rule and required that multiple incidents of third degree theft occurring as part of a common scheme or plan could be aggregated into only one count of either first or second degree theft.

The court then found Hoyt guilty of one count of first degree theft and one count of second degree possession of stolen property. The State now appeals, requesting that counts two through six be reinstated and that the case be remanded for the entry of guilty verdicts on each count and for resentencing.

The sole issue in this case involves RCW 9A.56.010(12)(c), enacted in 1975,[1] which provides:

> Whenever any series of transactions which constitute theft, would, when considered separately, constitute theft in the third degree because of value, and said series of transactions are a part of a common scheme or plan, then the transactions may be aggregated in one count and the sum of the value of all said transactions shall be the value considered in determining the degree of theft involved.

The State argues that RCW 9A.56.010(12)(c) is silent on whether the State can aggregate multiple counts of third degree theft into multiple counts of felony theft; thus, the State argues, this court must resort to common law to resolve the aggregation question. Hoyt responds that the statute is unambiguous: multiple incidents of third degree theft occurring as part of a common scheme or plan can be aggregated into *one* count, but only one count, of either first or second degree theft.

▌▌ The plain wording of RCW 9A.56.010(12)(c) supports the trial court's and Hoyt's interpretation. When a statute is not ambiguous—i.e., when it is not susceptible to more than one meaning—the Legislature's intent must be determined from the language alone.[2] The wording of the statute unambiguously answers the aggregation issue.

Two conditions must be met in order for the statute to apply: (1) the defendant must have committed a series of third degree thefts, and (2) the series of third degree thefts must have been "part of a common scheme or plan." RCW 9A.56.010(12)(c). If these two conditions are met, as the trial court found here, then the thefts "*may be aggregated in one count* . . . ." RCW 9A.56.010(12)(c) (emphasis added). "[O]ne count" obviously means a *single* count.[3]

Thus, if the defendant commits multiple third degree

---

[1]Laws 1975, 1st Ex. Sess., ch. 260, § 9A.56.010.

[2]*State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992).

[3]*See State v. Meyer*, 26 Wn. App. 119, 124, 613 P.2d 132 (1980) (this court noted that "RCW 9A.56.010(12)(c) allows formation of *a felony count* by ag-

thefts as part of a common scheme or plan, then the State has the discretion (1) to charge the defendant with multiple counts of third degree theft, *or* (2) to aggregate the counts into a *single* count of felony theft, with the total value of all the thefts determining whether the felony count will be in the first or second degree. Contrary to the State's argument, the trial court's reading does not add language to the statute; rather, this reading correctly interprets the plain language of the statute. We expressly do not comment upon the ability of the prosecution to aggregate and segregate multiple felonies under the common law, as that issue is not before us. The trial court did not err. We affirm.

WIGGINS and FLEISHER, JJ., concur.

Review denied at 129 Wn.2d 1004 (1996).

gregating a series of smaller transactions of thievery" if the transactions are a part of a common scheme or plan (emphasis added)).