FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 APR -9 PH 2: 02

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68456-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | ORDER TO PUBLISH OPINION |
| | ) | |
| STEVEN ANDREW JANDA, | ) | |
| | ) | |
| Appellant. | ) | |

Pursuant to RAP 12.3(d), a majority of the panel that issued the opinion previously filed in the case on October 1, 2012, has determined that the opinion should be published. Now, therefore, it is hereby

ORDERED that this court's opinion in this case filed October 1, 2012, shall be published and printed in the Washington Appellate Reports.

DATED this 9th day of April, 2013.

FOR THE COURT:



_____
Judge



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68456-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN ANDREW JANDA, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 1, 2012 |
| | ) | |

ELLINGTON, J. — Steven Janda was convicted of two counts of unlawful practice of law and two counts of first degree theft. He contends his convictions must be reversed because the unlawful practice statute applies only to persons who are not "active" members of the state bar association and so applies only to members who are no longer active. He also contends the court improperly failed to charge his victims as accomplices, improperly instructed the jury, and that the evidence was insufficient to support his convictions. Finally, he challenges aggregation of amounts for the theft counts and the trial court's order prohibiting contact with the victims and witnesses. His arguments are entirely without merit. We affirm.

## BACKGROUND

Janda has never been a lawyer, but for years he operated a business providing estate planning services. In 1997, the state attorney general's office warned him that his business constituted the unauthorized practice of law and an unfair practice under

the Consumer Protection Act. He signed an agreement acknowledging both allegations and promising to cease providing the services. He did not.

In 2004, the State Practice of Law Board determined Janda continued to practice law without a license. He entered into a cease and desist agreement. Again, he did not cease his practices.

This prosecution stems from Janda's provision of estate planning services to two families. In 1994, Irene and Dale Frelin contacted Janda because of a newspaper advertisement.[1] They paid for services including health care directives, wills and living trusts. Janda persistently urged them they needed additional documents, and in 2003, he wrote recommending a "sole benefit trust" because of changes in Medicaid. Over time, he drafted dozens of instruments, including a quit claim deed in favor of their daughters. Dale became ill in 2004 and Janda drafted more documents. Dale died in 2008, and Irene paid Janda to prepare documents allegedly necessary to settle the estate. Eventually the Frelins' daughter investigated and learned Janda is not an attorney.

In 2008, Janda also provided services for Mary McGraw, whose son contacted Janda for help because McGraw was elderly and suffering from dementia. Janda prepared documents including a living trust. McGraw died, and Janda charged for administration of her estate but failed to perform any services. McGraw's son sought advice from attorney Peter Perron, who eventually filed a complaint against Janda. The Practice of Law Board contacted the Kent Police Department.

---

[1] Janda advertised his business as Evergreen Paralegal Services.

The State charged Janda with two counts of unlawful practice of law and two counts of first degree theft. Janda moved to dismiss the unlawful practice counts,[2] arguing that the unlawful practice statute, RCW 2.48.180(2)(a), applies only to formerly active members of the bar association, not to persons who were never members. The court denied the motion and refused to permit Janda to make the argument to the jury. The jury convicted Janda as charged.

## DISCUSSION

Janda's central argument is that the unlawful practice statute does not apply to him because he has never been a member of the Washington State Bar Association. We review questions of statutory interpretation de novo.[3] His argument stems from RCW 2.48.180(1)(b), which provides:

> "Nonlawyer" means . . . a person who is not an active member in good standing of the state bar, including persons who are disbarred or suspended from membership.

Janda claims the phrase "not an active member" applies only to persons who were formerly active members and not to persons who were never members. His argument is without merit.

When a statute is plain and unambiguous, we derive its meaning from the words of the statute itself.[4] We also look to the context of the statute, related provisions, and the statutory scheme as a whole.[5] A statute is ambiguous if it is susceptible to two or more

---

[2] Janda represented himself below, as he does here.

[3] State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001).

[4] Id.

[5] State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (quoting State v. Jacobs, 154 Wn.2d 596, 600, 115 P.3d 281 (2006)).

reasonable interpretations.[6] Without a threshold showing of ambiguity, we do not engage in statutory construction.[7]

Chapter 2.48 RCW provides for the organization of the Washington State Bar Association and its board of governors. RCW 2.48.130 provides for bar membership fees for "active members" and RCW 2.48.140 provides a fee for "inactive members." RCW 2.48.170 provides that "[n]o person shall practice law in this state . . . unless he or she shall be an active member" of the state bar.

RCW 2.48.180 criminalizes unlawful practice. RCW 2.48.180(2)(a) provides that the unlawful practice of law occurs when "a nonlawyer practices law, or holds himself or herself out as entitled to practice law." RCW 2.48.180(1) defines two categories of "nonlawyers": persons who are authorized by the Washington Supreme Court to engage in a limited practice of law but who engage in practice outside that authorization, or any person who is not an active member of the bar in good standing.

Nothing in the language of these statutes supports Janda's interpretation. A person can plainly be "not an active member in good standing" by being not active, or not a member, or a member who is not in good standing. The statute is not ambiguous. The trial court did not lack jurisdiction over Janda,[8] relieve the State of its burden of proof, violate Janda's constitutional rights, improperly limit his defense by "redefining" the crime, or improperly impose restitution.

---

[6] State v. Tili, 139 Wn.2d 107, 115, 985 P.2d 365 (1999).

[7] Id.

[8] Janda's jurisdiction arguments are murky. He poses this question: "Is it possible to be born into the state bar act under the Equal Protection provision of the Fourteenth Amendment?" Appellant's Br. at 1.

Janda also argues that by permitting the State to introduce into evidence GR 24, which defines the practice of law, the court relieved the State of its burden to prove the essential elements of the crime. But it is the province of the Washington Supreme Court to define what constitutes the practice of law, and it has done so by way of GR 24.[9] Janda fails to coherently explain or demonstrate how introduction of the rule at trial relieved the State of its burden of proof.

For the first time on appeal, Janda challenges jury instruction 7, which stated:

> The Defendant is charged in Counts I and II of the Information with the Unlawful Practice of Law. A person commits the crime of the Unlawful Practice of Law when, not being an active member of the State Bar, he practices law or holds himself out as entitled to practice law.[10]

Under RAP 2 .5(a)(3), we review a claim of error not raised below only where the error is manifest and affects a constitutional right. It is manifest if defendant shows actual and identifiable prejudice.[11]

Janda claims the use of the word "person" instead of "nonlawyer" misstates an essential element of the offense and falsely instructed the jury that "any person could commit the offense."[12] The instruction is a correct statement of the law and Janda can show neither error nor prejudice.

---

[9] Short v. Demopolis, 103 Wn.2d 52, 62, 691 P.2d 163 (1984) ("The Supreme Court has an exclusive, inherent power to admit, enroll, discipline, and disbar attorneys."); see also Graham v. State Bar Ass'n, 86 Wn.2d 624, 631, 548 P.2d 310 (1976) (regulation of the practice of law is within inherent power of Supreme Court).

[10] Clerk's Papers at 265.

[11] State v. King, 167 Wn.2d 324, 329, 219 P.3d 642 (2009).

[12] Appellant's Br. at 33.

Also for the first time on appeal, and without citation to relevant authority, [13] Janda claims the trial court admitted evidence obtained in violation of the Fourth Amendment, that the Practice of Law Board and/or the state bar defamed him by posting information on the Internet about his business practices, and that the Practice of Law Board unlawfully interfered in the private affairs of the victims by obtaining copies of the documents he prepared for them. Janda fails to cogently explain how the collection or admission of any evidence actually affected his constitutional rights.

Janda next contends his victims should be charged with criminal solicitation under RCW 9A.08.020(3) because they hired him to perform illegal services. [14] He claims the trial court denied him equal protection by denying his motion to join the victims as defendants. As the State points out, however, the court has no authority to file criminal charges and his victims did not knowingly facilitate Janda's illegal actions.

Also for the first time on appeal, Janda contends the court improperly allowed the jury to aggregate transactions to reach the threshold for first degree theft. [15] Relying on the language of former RCW 9A.56.010(18)(c), he claims each aggregated amount must

---

[13] State v. Kroll, 87 Wn.2d 829, 838, 558 P.2d 173 (1977) ("Assignments of error unsupported by citation authority will not be considered on appeal unless well taken on their face.").

[14] Janda poses the issue as follows: "Hypothetical. If Bonnie pays Clyde to rob a bank for her, is Bonnie liable for the robbery, too . . . ?" Appellant's Br. at 4.

[15] Former RCW 9A.56.050(1) (Laws of 1998, ch. 236, § 4), applicable at the time of the offenses at issue, limited third degree theft to theft of property not exceeding $250 in value. Former RCW 9A.56.010(18)(c) (Laws of 2006, ch. 277, § 4) provided in pertinent part: "[W]henever any series of transactions which constitute theft, would, when considered separately, constitute theft in the third degree because of value, and said series of transactions are a part of a criminal episode or a common scheme or plan, then the transactions may be aggregated in one count and the sum of the value of all said transactions shall be the value considered in determining the degree of theft involved."

6

individually constitute third degree theft. He is incorrect. The aggregation statute does not abrogate the common law rule permitting the State to charge one crime based on a series of acts resulting from "a single continuing criminal impulse or intent pursuant to a general larcenous scheme or plan."[16]

Janda also contends the evidence was not sufficient to support his convictions. In a challenge to the sufficiency of the evidence, all reasonable inferences are drawn in favor of the State.[17] Evidence is sufficient if, when viewed in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt.[18]

Here, the State had to prove that Janda practiced law or held himself out as entitled to practice law while he was not an active member of the state bar in good standing.[19] The court instructed the jury:

> The "practice of law" means the application of legal principles and judgment with regard to the circumstances or objectives of another entity or person(s) which requires the knowledge and skill of a person trained in the law. This includes giving advice or counsel to others as to their legal rights or the legal rights or responsibilities of others for fees or other consideration. It also includes the selection, drafting, or completion of

---

[16] State v. Barton, 28 Wn. App. 690, 694, 626 P.2d 509 (1981) (five acts of second degree theft properly aggregated under the common law to charge one count of first degree theft); see also State v. Kinneman, 120 Wn. App. 327, 340, 84 P.3d 882 (2003) ("The aggregation cases permit, but do not require, the State to aggregate charges in order to charge a defendant with a higher degree of a crime when the State believes a single scheme can be proved.").

[17] State v. Gentry, 125 Wn.2d 570, 597, 888 P.2d 1105 (1995).

[18] Id. at 596-97.

[19] RCW 2.48.180; see also State v. Hunt, 75 Wn. App.795, 800, 880 P.2d 96 (1994).

legal documents or agreements which affect the legal rights of an entity or person(s).[20]

The State's evidence of Janda's unlawful practice of law, delineated above, was more than sufficient.

To support the first degree theft charges, the State was required to prove that Janda, by color of aid or deception, wrongfully obtained over $1,500 from each victim as part of a common scheme or plan resulting from a single, continuing criminal impulse or intent.[21] A series of thefts may be aggregated to meet the threshold value for first degree theft if they are part of a common scheme or plan over a period of time.[22] Whether a series of thefts is the result of a common scheme or plan is a question of fact.[23]

Relying on State v. Mermis,[24] Janda contends the State failed to produce sufficient evidence to prove "a connection between all the acts to join them into one common scheme or plan and that the last act was the final act necessary for the completion in the series of acts."[25] Mermis involved a single theft, based on a swindle

---

[20] Clerk's Papers at 267. Janda also contends the court's instruction was improperly based upon GR 24, which is not a statute and therefore not a standard for defining practice of law. As indicated above, this is incorrect.

[21] Former RCW 9A.56.030(1)(a) (Laws of 2007, ch. 199, § 3); RCW 9A.56.020(1)(b); State v. Garman, 100 Wn. App. 307, 316-17, 984 P.2d 453 (1999).

[22] Garman, 100 Wn. App. at 315; State v. Vining, 2 Wn. App. 802, 808-09, 472 P.2d 564 (1970).

[23] Garman, 100 Wn. App. at 315.

[24] 105 Wn. App. 738, 20 P.3d 1044 (2001).

[25] Appellant's Br. at 43.

carried out in a series of acts over time. The question was whether the State had filed the charge within the statute of limitations.[26] Mermis has no application here.

Frelin wrote Janda seven checks totaling over $9,000. McGraw paid Janda $750 to draft legal documents and $950 for Janda's promise to administer McGraw's mother's estate. This is ample evidence to justify aggregation of the amounts.

Finally, Janda challenges the orders prohibiting him from contacting Frelin, Frelin's daughter Julie Kanikkberg, McGraw, and Perron. He argues there was no evidence warranting the orders because he abided by a pretrial order prohibiting contact with Frelin, he has no criminal history, and he "has never had an adverse encounter with her or any of the other persons listed in the no contact provision in the judgment and sentence."[27]

Imposition of orders prohibiting contact with crime victims or witnesses is a matter for the trial court's discretion.[28] Janda shows no abuse of discretion here.

Affirmed in all respects.

WE CONCUR:

---

[26] Mermis, 105 Wn. App. at 745-46.

[27] Appellant's Br. at 41.

[28] RCW 9.94A.505(8); State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).