Pennell, J.
¶76 (concurring) I agree with the lead opinion that Gary Farnworth II can be convicted of only one count of first degree theft. However, I disagree with the reasons why this is so.[1] I do not interpret Washington’s theft statute as permitting prosecutors common law discretion to divide a continuing offense of first degree theft into multiple charges according to time periods. Such a rule would violate fundamental principles of separation of powers and would endanger defendants’ rights against double jeopardy.[2] It is the legislature, not a prosecutor, that defines the available units of prosecution for first degree theft. The facts in this case involved one ongoing scheme to illegally purloin workers’ compensation benefits. Washington’s statutory theft scheme permitted the prosecutor either to charge and prove each individual act of theft or to charge one ongoing act of theft, unified by a common plan or scheme or criminal episode. Because the State improperly tried to craft a third option, resulting in multiple convictions of first degree theft, only one of Mr. Farnworth’s convictions can stand.
¶77 In 1975, the legislature codified the crime of theft pursuant to a detailed statutory scheme under chapter 9A.56 RCW. Laws of 1975, 1st Ex. Sess., ch. 260, §§ 9A.56-.030-.050. Under this scheme, there are three degrees of theft, differentiated largely by value. RCW 9A.56.030-.050. *221 Of the three degrees of theft, only one—third degree theft—is a misdemeanor. RCW 9A.56.050. Currently this offense is capped at a maximum value of $750. Id. The legislature has specifically authorized prosecutors to aggregate a series of misdemeanor thefts into either second or first degree theft if the series of misdemeanor thefts were part of a criminal episode or a common scheme or plan. RCW 9A.56.010(21)(c).
¶78 While the legislature has taken over the task of defining theft, the common law remains relevant. The common law can act as a supplement to penal statutes enacted by the legislature so long as it is “not inconsistent with the Constitution and statutes of this state.” RCW 9A.04.060. Based on the common law tradition of prosecutors aggregating multiple instances of theft into a larger, ongoing offense, our court has held prosecutors can aggregate all forms of theft, not just misdemeanor theft. State v. Barton, 28 Wn. App. 690, 694, 626 P.2d 509 (1981).
¶79 The ability to aggregate charges vests prosecutors with great power. They can choose to prosecute a series of lower level thefts, each with a lower range of penalty. State v. Kinneman, 120 Wn. App. 327, 336-37, 84 P.3d 882 (2003). Or they can decide to aggregate thefts in order to obtain a more serious classification of conviction. State v. Hoyt, 79 Wn. App. 494, 495, 904 P.2d 779 (1995). This choice is purely an executive function and essentially unreviewable by our courts.
¶80 But while prosecutors have discretion to aggregate single instances of theft into a greater charge, they do not have the ability to “define what the Legislature intended as the punishable act of. . . theft.” State v. Turner, 102 Wn. App. 202, 210, 6 P.3d 1226 (2000). To do so would violate separation of powers. See id.; State v. Adel, 136 Wn.2d 629, 635, 965 P.2d 1072 (1998). Instead of lying in the hands of the prosecutor, the question of what may constitute one count of theft versus two or three is answered by analyzing the unit of prosecution intended by the legislature. Turner, *222 102 Wn. App. at 210. Employing the unit of prosecution analysis not only guards against overzealous prosecutions but also “protects a defendant from being convicted twice under the same statute for committing just one unit of the crime.” Adel, 136 Wn.2d at 634. If a statute does not clarify a unit of prosecution for a given crime, we do not defer to the common law or a prosecutor’s choice. Instead, we employ the rule of lenity. Id. at 634-35. Under this rule, doubts about whether the legislature intended one crime or multiple crimes are resolved in favor of the defendant. Id.
¶81 Our legislature has left no doubt about what the unit or prosecution is when it comes to aggregating a series of misdemeanor thefts. In this circumstance, RCW 9A.56-.010(21)(c) controls. A prosecutor seeking to aggregate a series of third degree thefts can roll the individual offenses together into one felony charge, so long as the thefts were committed as part of a criminal episode or common plan or scheme. Hoyt, 79 Wn. App. at 495.
¶82 The legislature has not clarified whether the unit of prosecution is similar when a prosecutor seeks to aggregate a series of felony thefts. However, previous panels of our court have found the test is the same. Barton, 28 Wn. App. at 694 (multiple acts of second degree theft properly aggregated into one count of first degree theft as a common scheme or plan); State v. Garman, 100 Wn. App. 307, 314-15, 984 P.2d 453 (1999) (thefts of varying degrees could be aggregated so long as they are part of the same general larcenous scheme). This is consistent with the rule of lenity, as it restrains prosecutorial power and would result in a decision favorable to Mr. Farnworth.
¶83 Despite the parties’ recognition that the common plan or scheme requirement applies to all forms of aggregation, my colleagues rely on the pre-1975 case of State v. Linden, 171 Wash. 92, 17 P.2d 635 (1932), for the proposition that prosecutors have broad power to aggregate separate acts of theft so long as different counts cover different time periods. I disagree that Linden has any application *223 now that the legislature has codified specific degrees of theft. Whatever power a prosecutor previously had to define what constitutes one offense of theft,[3] that power has been taken away. Now that the legislature has defined theft, we can only look to the statute to determine what constitutes one unit of theft. See Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); Adel, 136 Wn.2d at 634. Because the theft statute is, at best,[4] ambiguous, the rule of lenity dictates that we construe this ambiguity in favor of Mr. Farnworth. Turner, 102 Wn. App. at 210; Adel, 136 Wn.2d at 635.
¶84 Contrary to my dissenting colleague’s position, limiting aggregation to common plans or schemes would not encourage overzealous prosecutions. Quite the opposite. Were prosecutors permitted to aggregate various acts of theft according to their imaginings of what constitutes distinct time periods, the ability to charge 1 count of first degree theft versus 2, 3, or even 10 would be virtually limitless. This would raise serious double jeopardy concerns, in that one ongoing offense of first degree theft could be punished multiple times. The Constitution requires more: “The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units.” Brown, 432 U.S. at 169.
*224 ¶85 As I interpret Washington’s statutory theft scheme, a prosecutor can either individually charge each act of a lower degree theft or aggregate a series of related lower degree thefts into one count of a higher degree theft that is unified according to either a criminal episode or a common plan or scheme. Under this interpretation, prosecutors still enjoy broad discretion and power. Numerous low level theft charges can be brought but with the proviso that the prosecutor must prove each individual offense beyond a reasonable doubt. Kinneman, 120 Wn. App. at 336-38. Alternatively, a more serious degree of theft may be charged. This relieves the prosecutor from having to obtain unanimity as to each individual act and ensures full restitution, but it requires proof that the defendant’s ongoing conduct was unified by either an ongoing scheme or a continuing criminal episode. Garman, 100 Wn. App. at 313.
¶86 The enhanced prosecutorial discretion my colleagues would confer on prosecutors is inconsistent with the governing legislative framework and important constitutional controls. I therefore disagree with the analysis suggested by my colleagues but concur in the result reached by the lead author.

 Apart from this disagreement in reasoning, I agree with the remainder of the lead opinion in full.

 U.S. Const, amend. V; Const, art. I, § 9.

 Lindens analysis is of questionable value. The Supreme Court itself qualified its reasoning by noting the prosecutor’s choice of multiple charges was harmless since the defendant received only one total punishment. Linden, 171 Wash. at 103. In so doing, the court appears to have recognized double jeopardy concerns that could be caused by a prosecutor’s broad ability to define units of crimes. In addition, Linden conflicts with the United States Supreme Court’s decision in In re Snow, which held that even under the common law, prosecutors did not enjoy the power to divide a continuing offense up into arbitrary time periods. In re Snow, 120 U.S. 274, 7 S. Ct. 556, 30 L. Ed. 658 (1887).

 Because the legislature specifically contemplated the possibility of aggregation only in the context of third degree theft, one could invoke the rule of lenity to mean individual acts of second or first degree theft cannot be aggregated. However, I defer to our prior decision in Barton that aggregation can occur so long as there is a unifying criminal impulse or general larcenous scheme. 28 Wn. App. at 694.