Korsmo, J.
¶87 (dissenting) This case was properly charged. In ruling otherwise, the lead opinion misinterprets a statute that it agrees does not apply, thereby confusing common law aggregation with statutory aggregation and running afoul of a long-standing Washington Supreme Court decision. It also makes a poor policy choice in limiting common law aggregation. Then, repeating a recurring mistake, the lead opinion compounds the problem by extending that mistake to the jury instructions. Aggregation of felony level offenses should only aid the defense, but this ruling effectively strips that practice away, to the probable consternation of other defendants. The two convictions should be affirmed.
¶88 Aggregation. The misdemeanor aggregation statute is irrelevant in this case. It is the common law that permits *225 aggregation of felony level offenses. State v. Barton, 28 Wn. App. 690, 694-95, 626 P.2d 509 (1981) (citing State v. Vining, 2 Wn. App. 802, 808-09, 472 P.2d 564 (1970)[5]). The prosecutor holds the discretion whether or not to aggregate offenses. State v. Linden, 171 Wash. 92, 102, 17 P.2d 635 (1932). Moreover, that discretion was not limited at common law to either all or nothing. As explained in Linden:
It is next contended that the court should have required the prosecuting attorney to elect upon which one of the three counts the appellants should be tried. This contention is based on the assumption that the appropriations from the first date in the first count to the last date in the third count constituted a continuous offense, and that they could not be grouped in three separate periods and a count based upon each period.
The appropriations, from what has already been said, appeared from time to time over a period of approximately seven months. Under the law, the appellants could have been charged with a distinct offense for each appropriation, or they could have been charged with a continuing offense covering the entire period; but it was not necessary that they be charged in one of these two ways. Where the periods covered, by the different counts are separate and. distinct, as they are in this case, the wrongful appropriations during each period, may be charged, in a different count.
Id. (emphasis added). The distinct charging periods in Linden were May 14 to June 3, 1928; June 9 to August 18, 1928; and September 19 to December 7, 1928. Id. at 100.[6]
*226 ¶89 Given this clear authority, the charging periods selected here easily satisfied the common law standard. Not only was there a much larger charging period in this case broken down into only three pieces, those periods naturally flowed from the defendant’s behavior. There were times when his certification of unemployment was correct, thus entitling him to the full benefits resulting from his disability. The prosecutor did not err by charging three separate periods that resulted from the defendant renewing his unlawful activity.
¶90 While Hoyt[7] rendered a correct and accurate statement of the meaning of the misdemeanor aggregation statute, that statute has absolutely nothing to do with this case.[8] As noted by Barton, aggregation of felony thefts is not accomplished by means of the misdemeanor aggregation statute. 28 Wn. App. at 694. The authority to aggregate felony counts is solely derived from the common law. Even the lead opinion notes that the statute does not prevent aggregation of felonies. The problem presented here is not, however, that the statute does not prohibit aggregation of felony level offenses. The statute simply has nothing to do with aggregation of felonies. It is not the source of the prosecutor’s authority, nor is it a check on it.
¶91 Although acknowledging the case authority and recognizing that the misdemeanor theft aggregation statute does not apply to this case, the lead opinion then executes a 180 degree turn and applies the irrelevant statute after first misconstruing it to mean that any common scheme or plan can result in only one offense. This approach is wrong on several levels.
¶92 First, it misconstrues RCW 9A.56.010(21)(c). In relevant part, the language at issue states:
*227 whenever any series of transactions which constitute theft, would, when considered separately, constitute theft in the third degree because of value, and said series of transactions are a part of a criminal episode or a common scheme or plan, then the transactions may be aggregated in one count and the sum of the value of all said transactions shall be the value considered in determining the degree of theft involved.
As was nicely explained in Hoyt, 79 Wn. App. at 496, that statute’s phrase “may be aggregated in one count” means that a series of misdemeanor thefts can only be aggregated to a single felony. No one here disagrees with that understanding of Hoyt. Nonetheless, the lead opinion says that because the charging document and the jury instruction defining the term “value” both contain the words “common scheme or plan,” the prosecution must have relied on the misdemeanor aggregation statute.[9] That is a non sequitur.
¶93 This statute addresses only a “series of transactions” that would “constitute third degree theft” and are “part of a criminal episode or a common scheme or plan.” In such an instance they may be treated as one felony count. The lead opinion cites no authority for the position that parties can disregard the meaning of a statute and thereby bind courts.[10] Similarly, I know of no basis on which parties or judges can change the meaning of a statute simply by using the language in a jury instruction. The statutory definition does not extend to the aggregation of felony level thefts.
¶94 Nor can any language in the statute be read to indicate that all “common scheme or plan” thefts, regardless of magnitude, are exclusively controlled by this statute. This statute contains one of the several definitions of “value” enacted by the legislature. It is not a definition of *228 “common scheme or plan,” nor is it a directive on the charging of such schemes. “Common scheme or plan” charging is not exclusively a creation of statute, nor does this statute claim such. The lead opinion also cites no authority for this strange reading of the statute.[11]
¶95 Third, there is no support for the claim that this case is governed by the misdemeanor aggregation statute. By its very terms, that definitional statute applies only to misdemeanor level thefts. There also is no indication that the parties thought they were trying the case on the basis of the misdemeanor aggregation statute. The statute was not cited in the charging documents, nor was it conveyed to the jury in any manner.
¶96 Fourth, even if the misdemeanor aggregation statute applied to this case, this court is not free to apply it in a manner that conflicts with existing precedent. Here, again without citing any authority, the lead opinion interprets the statute to require that charges be aggregated by distinct criminal schemes rather than by distinct time periods. The statute simply does not say anything about schemes, let alone restrict in some manner the charging of common scheme thefts. Instead, it merely defines the permissible scope of aggregation of misdemeanor thefts into a single felony offense.
¶97 In contrast, Linden expressly permits aggregation by distinct time periods. “Where the periods covered by the different counts are separate and distinct, as they are in *229 this case, the wrongful appropriations during each period may be charged in a different count.” 171 Wash, at 102. Thus, even if the statute did claim to address schemes, it cannot be read to limit Linden, which addresses aggregation by time period. As the legislature has expressly noted, the common law, when not inconsistent with other laws or the constitutions, “shall be the rule of decision in all the courts of this state.” RCW 4.04.010. Even the lead opinion’s new construction of the statute does not supersede Linden.
¶98 For the lead opinion to rule as it does, it must implicitly reject Linden and hold that aggregation of felonies committed pursuant to a common scheme or plan into other than a single count is not permitted, but it has no relevant authority for that position. Instead, it makes its own policy choice, and it is, in my opinion—and with all respect for my esteemed colleagues—a very poor choice indeed. If there is no authority to aggregate multiple felony level thefts into more than one offense, then a trial court has no authority to accept negotiated pleas along those lines. Existing sentence bargains will now be subject to belated challenge for the same reason.
¶99 In instances where the prosecution and the defense are in agreement concerning resolution of an ongoing theft scheme, this decision will present little difficulty since an agreed on number of discrete charges resulting in an acceptable sentence range can be filed and an agreement to pay restitution for all of the thefts can be entered into pursuant to RCW 9.94A.753(5). Problems will arise in cases like this one where either the defendant denies responsibility or the parties cannot find common ground for a global resolution. In those instances, the prudent prosecutor will have to quash any merciful impulses and file all available charges. There is no other method by which full restitution can be achieved.[12] Although the lead opinion opines that a prosecutor can still exercise charging discretion, the reality *230 of this decision is that the lead opinion has taken much of that discretion away since the prosecutor has been given only the choice of charging one count or charging every count. That simply is not good for anyone.
¶100 The misdemeanor aggregation statute has nothing to do with this case and it was error to rely on it in derogation of common law authority. Linden controls. The prosecution did not err in charging the three distinct time periods resulting when the defendant’s inadvertent compliance with the statute on two occasions interrupted his ongoing thefts.
¶101 Jury Instructions. Also problematic is the decision importing a definitional instruction into the elements instruction. This aspect of the lead opinion is erroneous for several reasons. It misreads the authority on which it relies, unnecessarily conflicts with a previous decision of this court that is on point, wrongly imports definitions into an elements instruction, and confuses the “essential elements” of a charging document with the “elements” of a crime. The purpose of a charging document is to give notice to a defendant concerning the conduct that is alleged to have violated the law, while the purpose of the elements instruction is to inform the jury on what the State needs to prove. While there is often an overlap of those distinct “elements,” they are not identical.
¶102 Initially, it must be noted that neither State v. Hassan, 184 Wn. App. 140, 336 P.3d 99 (2014), nor State v. Rivas, 168 Wn. App. 882, 278 P.3d 686 (2012), is controlling here. In Hassan, the prosecutor did not allege or even attempt to prove aggregation, since the two counts were based on two felony level checks drawn on a closed bank account. 184 Wn. App. at 146. Division Two simply noted that since aggregation was not necessary, there was no error. Id. at 147.
¶103 In Rivas, there actually was an aggregation issue presented. In that case, a prosecution for second degree malicious mischief based on damage to two vehicles belong *231 ing to the same victim, the prosecutor failed to allege aggregation by common scheme or plan in the charging document. 168 Wn. App. at 886-87. Division Two correctly determined that the information was defective for the failure to aggregate under the malicious mischief misdemeanor aggregation statute, RCW 9A.48.100(2). 168 Wn. App. at 888-89. The conviction was reversed due to the defective charging document. Id. at 890-91. In this regard, Rivas is probably correct and may even be instructive here, although its aggregation statute is not applicable to this case. At common law, aggregation also appears to have been alleged in the charging document. E.g., State v. Ray, 62 Wash. 582, 583-86, 114 P. 439 (1911); State v. Dix, 33 Wash. 405, 407-13, 74 P. 570 (1903); Barton, 28 Wn. App. at 694-95.
¶104 This court expressly held that aggregation is not an element of theft in State v. Reid, 74 Wn. App. 281, 292, 872 P.2d 1135 (1994). There we held that it was sufficient to include the concept of aggregation in a definitional instruction rather than the elements instruction. Id. Despite that clear holding, the lead opinion decides to follow Rivas merely because Reid cited an ER 404(b) case as authority for the proposition that the definition need not be incorporated into the elements instruction. Lead opinion at 217-19. Although certainly Reid could have cited more authoritative case law for that point, Rivas is not any better.
¶105 In dicta, Rivas opined that at retrial the elements instruction should include the aggregation language. 168 Wn. App. at 891-93. This unnecessary discussion is erroneous when read, as the lead opinion does in this case, as a mandate for inclusion of the aggregation definition in the elements instruction. Although the jury does need to be instructed on a definition of “value” that includes the theory of aggregation, and it is permissible to include that definition in an elements instruction, it does not have to be done in that manner since aggregation is not an element of the offense.
¶106 The elements of a crime are defined by the legislature, not by the courts. E.g., State v. Wadsworth, 139 Wn.2d *232 724, 734, 991 P.2d 80 (2000).[13] It is those elements that need to be conveyed to the jury via the instructions. E.g., State v. Allen, 176 Wn.2d 611, 628, 294 P.3d 679 (2013) (constitutional “true threat” limitation not an essential element of crime of harassment). In addition, the elements of the crime also are conveyed to the defendant in the charging document. Because the “elements” are used in both instructions and charging documents, Rivas looked to a charging document requirement to discern the components of the elements instruction. That was error when done in Rivas, and the lead opinion here continues that error.
¶107 The purpose of a charging document is to provide notice to the defendant of the charge against him and its factual basis. State v. Pelkey, 109 Wn.2d 484, 491, 745 P.2d 854 (1987). “Jury instructions and charging documents serve different functions.” State v. Vangerpen, 125 Wn.2d 782, 788, 888 P.2d 1177 (1995). The charging document is not a concern for the jury. Its primary purpose is to alert the defendant to the charge and underlying conduct at issue. Pelkey, 109 Wn.2d at 491. From the jury’s perspective, the case is contained in the elements instruction and any accompanying definitional instructions. The elements instruction is the “touchstone” for the jury to determine guilt or innocence. State v. Williams, 162 Wn.2d 177, 186-87, 170 P.3d 30 (2007).
¶108 However, the elements instruction need not include the definitions of its elements.[14] State v. Lorenz, 152 Wn.2d 22, 36, 93 P.3d 133 (2004) (definition of “sexual contact” need not be included in instruction defining elements of first degree child molestation). There have been several *233 instances recently where our Supreme Court has needed to correct appellate court decisions that erroneously incorporated definitions into either the information or the elements instruction. E.g., State v. Johnson, 180 Wn.2d 295, 302-06, 325 P.3d 135 (2014) (definition of “restraint” not needed in information, and definition of “reckless” not needed in elements instruction); Allen, 176 Wn.2d at 628-30 (“true threat” need not be included in information or elements instruction).
¶109 Apparently recognizing this problem, the lead opinion disclaims that the “common scheme or plan” aggregation language is a component of the definition of “value” but, instead, “operates as an alternative means in finding the market value of the property.” Lead opinion at 219. This contention makes no sense. The definition of a word gives us its meaning. I fail to understand how “definition” and “meaning” represent different concepts in this context. In the big picture, however, even that question is absolutely meaningless because the jury needed to determine whether or not the prosecution had established the elements of the offense. The prosecutor had no duty to establish either a “definition” or a “meaning” of the word “value.” It merely had to show that the value taken here exceeded $1,500.
¶110 The argument made by Mr. Farnworth is that “common scheme or plan,” the method of aggregation in this context, is an element of the offense. The lead opinion accepts that claim without proving how it could be an element. The theft statute does not include aggregation among its elements and no common law authority has been discovered that treats aggregation language as an element of theft. There is a common law definition of “common scheme or plan” that is useful in defining when values can be aggregated into a greater theft offense and would justify giving the jury a definitional instruction on the topic. Barton, 28 Wn. App. at 694-95. However, that definition simply is not an element of the crime under any theory identified in this litigation.
*234 ¶111 Properly viewed, the concept of aggregation is one that typically needs to be included in the charging document since it conveys to the defendant the prosecutor’s theory of what actions constituted the charged offense. See Ray, 62 Wash. 582; Dix, 33 Wash. 405; Barton, 28 Wn. App. 690.[15] Like many informative elements of an information, however, the concept did not have to be imported into the elements instruction as long as the jury was otherwise told that it needed to find a “common scheme or plan” proven beyond a reasonable doubt since that was a component of the value element. Cf. State v. Lee, 128 Wn.2d 151, 158-59, 904 P.2d 1143 (1995) (names of theft victims are not elements of crime of theft even when they should be included in the information (citing cases)). The lead opinion errs in suggesting that the only manner of conveying this information to the jury is via the elements instruction. While that is likely a very convenient place to include that information, it is not a required location, nor is it the sole location to accomplish that task.
¶112 Because the lead opinion errs in confusing common law aggregation with statutory aggregation and then compounds that error by imposing an unnecessary requirement at the unnecessary retrial, I respectfully dissent.
Reconsideration denied September 14, 2017.
Petitioner’s petition for review denied and respondent’s petition for review granted at 190 Wn.2d 1007 (2018).

 Vining noted that aggregation was permitted if “the successive takings are the result of single, continuing criminal impulse or intent and are pursuant to the execution of a general larcenous scheme or plan.’’ 2 Wn. App. at 808.

 Prom the total sums of money at issue, it appears that the amount obtained on any single occasion must have exceeded the misdemeanor theft level, but nothing in the Linden opinion expressly addresses that point. 171 Wash, at 100-01. The threshold for grand larceny in 1928 was $25. Laws of 1909, ch. 249, § 353. For the defendant to steal $23,604 during the 21-day charging period of count one, for instance, the thefts had to average more than $1,000 each day (including weekends). To accomplish such a feat while stealing less than felony level in each instance, the defendant would have needed to make over 40 transactions at the bank each day of the charging period.

 State v. Hoyt, 79 Wn. App. 494, 904 P.2d 779 (1995).

 It appears that the common law likewise permitted aggregation of misdemeanor thefts to only a single felony count. See Vining, 2 Wn. App. at 808-09.

 The instructions proposed by both parties contained the same “common scheme or plan’’ language. Clerk’s Papers at 269-70, 468, 475-76, 481-82.

 It is hornbook law that the parties cannot convey jurisdiction on a court; they merely invoke existing jurisdiction. E.g., Dougherty v. Dep’t of Labor & Indus., 150 Wn.2d 310, 319, 76 P.3d 1183 (2003). I know of no contrary rule that permits parties to reinterpret statutes and thereby bind the courts to a meaning other than the one enacted by the legislature.

 The concurrence proposes a theory, not briefed or suggested by the parties, that the legislature four decades ago silently abolished common law aggregation, a proposition unsupported by any legislative history. Theft has been a statutory crime in Washington since at least 1909—well before Linden. See Laws of 1909, ch. 249, § 349 (larceny). Recodification of the modern crime did not change common law practices. The concurrence goes on to suggest that the constitution requires all common schemes or plans to be charged as a single offense without regard to how many separate crimes are committed in the course of the plan and despite the fact that this state has no general criminal “common plan’’ statute encompassing all crimes motivated by a general impulse. This would be a major rewriting of our criminal law by the courts, despite the fact that it is the legislature that enacts our criminal laws. E.g., State v. Pillatos, 159 Wn.2d 459, 469, 150 P.3d 1130 (2007); State v. Ammons, 105 Wn.2d 175, 180, 713 P.2d 719, 718 P.2d 796 (1986).

 See RCW 9.94A.411(2)(a)(i)(B), providing that offenses may be charged to ensure that they “will result in restitution to all victims.’’

 The judiciary has the authority to add elements to a statute where necessary. E.g., State v. David, 134 Wn. App. 470, 481, 141 P.3d 646 (2006).

 In addition to the elements of an offense, a jury must be instructed on definitions of “technical” terms. State v. Allen, 101 Wn.2d 355, 358-62, 678 P.2d 798 (1984). However, a technical term definition need not be included in the elements instruction. State v. Lorenz, 152 Wn.2d 22, 31, 36, 93 P.3d 133 (2004).

 It does not appear that any particular magic words need be used as long as the defendant is somehow advised that aggregation is being relied on. See Ray, 62 Wash. at 583 (allegation that theft occurred “ ‘during the month of December, 1909’ ” sufficient to show prosecutor was aggregating multiple misdemeanor theft incidents into one felony charge).