[No. 19110-5-II.   Division Two.   August 29, 1996.]
THE STATE OF WASHINGTON, *Respondent*, v.
MARCELLA CAROSA, *Appellant*.

*Kevin M. Anderson* and *Crawford, McGilliard, Peterson, Yelish & Dixon*, for appellant (appointed counsel for appeal).

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for respondent.

ARMSTRONG, J. — Marcella Carosa appeals her convictions of three counts of second degree theft. On each of three different days, Carosa took more than $250 from her employer's cash registers by removing smaller amounts of money from time to time during her work shift. Theft of $250 or more constitutes second degree theft, a felony; theft of less than $250 is third degree theft, a misdemeanor. Washington follows the rule that multiple takings from the same victim at the same time and place constitute one crime, not multiple crimes. The question underlying all of Carosa's issues is: Did Carosa commit one felony theft or multiple misdemeanor thefts each day? We hold that Carosa committed one felony theft on each day by stealing from the same victim at the same time and place; we, therefore, affirm her convictions.

## FACTS

Marcella Carosa, a checkout clerk on the graveyard shift of a supermarket, had access to the store's cash registers and their detail tapes. When money was discovered missing from several registers, management confronted Carosa, who admitted taking the money during her work shifts by processing false refunds.

The cash registers printed detail tapes that recorded the date, time, and amount of each sale or refund. Carosa's duties included changing these detail tapes on each register at the end of the business day. The registers also generated hourly readings showing the total amount of transactions, but not the individual transactions. Carosa was also responsible for collecting these hourly readings.

The hourly tapes showed that more money was paid out

in refunds than was brought in during several hours on various shifts worked by Carosa. The detail tapes, which would have shown the individual refund amounts, however, were missing. As a result, the State could not prove that Carosa had taken more than $250 in any one refund; the State could prove, from the hourly readings, that on three different days she had taken more than $250 over the course of her shift. Accordingly, the State charged Carosa with three counts of second degree theft.

At the close of the State's case, Carosa moved to dismiss the three counts, arguing that the evidence failed to show that any individual refund exceeded $250. The court denied this motion. Carosa then moved to dismiss the second and third theft counts, arguing that because the thefts were part of a common plan or scheme, the State could file only one felony theft count under RCW 9A.56.010(15)(c). The court also denied this motion.

## ANALYSIS

1. Theft charges and the same time and place restriction.

Carosa argues that the felony charges should have been dismissed because the evidence did not establish that she had taken more than $250 in any one refund. She maintains that each refund was a separate theft and, therefore, she engaged in multiple misdemeanor thefts during each work shift, not a single felony theft.

The Washington Criminal Code defines a theft as "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property." RCW 9A.56.020(1)(a). A person is guilty of second degree theft if he or she steals between $250 and $2,500. RCW 9A.56.040. Theft of less than $250 constitutes third degree theft, a misdemeanor offense. RCW 9A.56.050.

■ The rule is that "[w]hen several articles of property are stolen by the defendant from the same owner at the

same time and at the same place, only one larceny is committed." 3 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 346, at 366 (15th ed. 1995); *State v. Brooks*, 77 Wn. App. 516, 520, 892 P.2d 1099 (1995) (citing treatise); *see also* 50 AM.JUR. 2D *Larceny* § 9, at 21 (1995) (taking of separate articles belonging to same owner from different places in the same building, pursuant to a single criminal intent or impulse, constitutes a single larceny); 52A C.J.S. *Larceny* § 53, at 479 (same). Furthermore,

> [i]f several articles are stolen from the same place as the result of a single and continuing impulse or intent, the mere fact that the thief finds it convenient or necessary to make several trips to carry the articles away does not transform the offense from a single larceny into multiple ones.

3 TORCIA, *supra* § 346, at 369; *see also* 50 AM. JUR. 2D *Larceny* § 9, at 21. Under this rule, the State may charge a shoplifter with a single theft for taking clothes located in different parts of the store. *See State v. Kleist*, 126 Wn.2d 432, 433, 895 P.2d 398 (1995) (shoplifting seven articles of clothing from store charged as one single theft).

Here, Carosa took various amounts of less than $250 through false refunds, accumulating more than $250 total on each of three different work shifts. The fact that she found it more convenient to process several smaller refunds rather than one large refund does not transform her single theft into multiple small thefts. TORCIA, *supra* § 346, at 369; 50 AM. JUR. 2D *Larceny* § 9, at 21. Accordingly, we hold that the evidence was sufficient to establish that Carosa committed a single larceny at the same time and place, on three different work shifts, each constituting second degree theft. The trial court, therefore, properly denied Carosa's motion to dismiss for insufficient evidence.

2. Aggregation of theft charges.

Carosa then contends that because she committed multiple misdemeanor thefts pursuant to a common plan

or scheme, the State was required to aggregate the thefts into a single felony count under RCW 9A.56.010(15)(c).[1] We disagree.

■ The State did not prosecute Carosa under the theory that she committed multiple misdemeanors that could be aggregated into one felony under the statute. Rather, the State prosecuted Carosa for a single theft of more than $250 on each of three different days. As we have already decided, Carosa's conduct each day fit the definition of a single felony theft, i.e., taking from the same victim at the same time and place. Accordingly, Carosa was properly charged with three counts of second degree theft.

3. Failure to give defendant's proposed instructions.

Carosa also contends that the trial court erred in failing to give her proposed instruction that the State had to prove a single transaction for each charge of second degree theft. Carosa's proposed "transaction" language comes from RCW 9A.56.010(15)(c), the aggregation statute. But, as we have already discussed, Carosa was not prosecuted under the aggregation statute; rather, she was prosecuted for having committed one felony theft on each of three different days. Her proposed instruction, was, therefore, properly refused. *See State v. Staley*, 123 Wn.2d 794, 803, 872 P.2d 502 (1994).

We affirm.

---

[1]The statute provides that:

Whenever any series of transactions which constitute theft, would, when considered separately, constitute theft in the third degree because of value, and said series of transactions are a part of a common scheme or plan, then the transactions may be aggregated in one count and the sum of the value of all said transactions shall be the value considered in determining the degree of theft involved.

RCW 9A.56.010(15)(c). Under this statute, the state has the discretion to charge a defendant who commits several misdemeanor thefts as part of a common plan or scheme with either multiple counts of third degree theft or a single count of felony theft. *State v. Hoyt*, 79 Wn. App. 494, 497, 904 P.2d 779 (1995), *review denied*, 129 Wn.2d 1004 (1996).