FILED

MARCH 18, 2014

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31065-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL DAVID COX, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J.—Michael David Cox appeals his convictions for one count of first and one count of second degree theft committed over different time periods. He contends reversible error exists due to prosecutorial misconduct in closing arguments, abuse of prosecutorial charging discretion, and ineffective assistance of counsel. We reject his contentions, and affirm.

FACTS

The State accused Mr. Cox of committing three thefts of worker's compensation benefits, alleging he, by color or aid of deception, obtained money from the Department of Labor and Industries through a series of payments between 2007 and 2010. Count I (later acquitted) charged him with first degree theft for the payments he received in 2007 and 2008, count II charged him with first degree theft for the payments he received in 2009, and count III charged him with second degree theft for the payments

he received in 2010. The information stated the thefts Mr. Cox committed during these three consecutive time periods were "part of a criminal episode," "of the same or similar character," "based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan," or were "so closely connected in respect to time, place and occasion that it would be difficult to separate proof of one charge from proof of others." Clerk's Papers at 114-16.

At trial, the State produced video evidence from a private investigator, Michael Byrne, and Mr. Cox's neighbor, David Armstrong, showing Mr. Cox building a home on his property and performing tasks he had reported to his doctors he was unable to perform. The doctors later testified they would not have rendered their disability opinions had they known Mr. Cox could perform the labors shown in the videos. Mr. Armstrong's original minidiscs apparently were related to count I and had been produced in digital video disc format for trial. The trial court admitted the videos without foundation objections from Mr. Cox's trial attorney.

Mr. Cox's medical expert witness, H. Graeme French, lacked some notes from other testifying physicians at the time he testified, and was, he said, unable to answer or hampered in answering certain prosecution questions as a result. Mr. Cox's trial attorney did not object to testimony by Mr. Armstrong arguably suggesting Mr. Cox is an unlikable person.

In rebuttal argument, the State discredited Dr. French in response to Mr. Cox's argument criticizing the State's medical expert testimony. The State reiterated it "ha[s]

2

No. 31065-5-III
*State v. Cox*

the burden of proving the case beyond a reasonable doubt." Report of Proceedings

(RP) at 709-10. Then, the State asked the jury to remain diligent in its deliberations

despite the mundane details of this theft case, stating, "The defendant didn't kill anyone.

He didn't assault anyone. He didn't do a lot of serious crimes, but this is still an

important case." RP at 718. Mr. Cox argues for the first time on appeal that these

arguments were misconduct.

A jury acquitted Mr. Cox of count I and found him guilty of counts II and III. He

appealed.

## ANALYSIS

### A. Closing Arguments

The issue is whether the State committed prosecutorial misconduct by making

two improper and prejudicial comments during rebuttal argument.

The State's comments during closing or rebuttal arguments constitute

misconduct requiring reversal if they "'so infected the trial with unfairness as to make

the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168,

181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416

U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)). To establish prosecutorial

misconduct, the defendant must prove the comments are improper and prejudicial. *See*

*State v. Mak*, 105 Wn.2d 692, 726, 718 P.2d 407 (1986), *abrogated on other grounds*

*by State v. Hill*, 123 Wn.2d 641, 870 P.2d 313 (1994); *State v. Pirtle*, 127 Wn.2d 628,

672, 904 P.2d 245 (1995). The comments are prejudicial if they are substantially likely

3

to affect the jury's verdict. *Mak*, 105 Wn.2d at 726; *Pirtle*, 127 Wn.2d at 672. Where, as here, the defendant did not object to the comments at trial, he or she waives any error claim arising from them unless they are so "flagrant and ill-intentioned" as to evince a "marked and enduring" prejudice no curative instruction can neutralize. *State v. Charlton*, 90 Wn.2d 657, 661, 585 P.2d 142 (1978) (citing *State v. Morris*, 70 Wn.2d 27, 33, 422 P.2d 27 (1966)). We do not view the comments as meeting the flagrant and ill-intentioned level meriting review for the first time on appeal.

First, Mr. Cox argues the State reduced its burden of proof to a preponderance of evidence by subtly shifting to him the responsibility of showing Dr. French was correct and other physicians were incorrect. But in rebuttal argument, the State merely discredited Dr. French while reiterating it "ha[s] the burden of proving the case beyond a reasonable doubt." RP at 709-10. The State did not suggest its burden was any less or Mr. Cox had any responsibility to show anything. The State's comments were proper within its "wide latitude to argue reasonable inferences from the facts concerning witness credibility." *State v. Warren*, 165 Wn.2d 17, 30, 195 P.3d 940 (2008).

Second, Mr. Cox argues the State appealed to jury passion and prejudice by stating, "The defendant didn't kill anyone. He didn't assault anyone. He didn't do a lot of serious crimes, but this is still an important case." RP at 718. But this statement merely implored the jury to remain diligent in its deliberations despite the mundane details of this theft case. The State did not compare Mr. Cox to violent criminals or invite the jury to decide the case based on anything outside the evidence. The State's

4

comments were proper within "the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given." *State v. Russell*, 125 Wn.2d 24, 85-86, 882 P.2d 747 (1994).

Regardless, Mr. Cox cannot show prejudice because he states no reason why he believes the comments are substantially likely to affect the jury's verdict, or why he believes the comments are so flagrant and ill-intentioned as to evince a marked and enduring prejudice no curative instruction can neutralize. Considering all, we conclude the State did not commit prosecutorial misconduct.

### B. Charging Decisions

The issue is whether the State abused its prosecutorial discretion by charging Mr. Cox with three thefts based on the payments he received instead of one theft based on the aggregate of the verification forms he filed. He contends his criminal conduct, if any, was not receiving the payments but filing the verification forms as part of one larcenous scheme between November 19, 2007 and December 2, 2008.

The State has broad discretion in deciding the number of counts to charge. *State v. Lewis*, 115 Wn.2d 294, 298-99, 797 P.2d 1141 (1990); *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984), *modified on other grounds by State v. Kitchen*, 110 Wn.2d 403, 756 P.2d 105 (1988). We "may not substitute [our] judgment for that of the prosecutor." *Lewis*, 115 Wn.2d at 298. While the State should not "overcharge," including by "[c]harging additional counts," it should "charge those crimes which

demonstrate the nature and seriousness of a defendant's criminal conduct."[1]  RCW 9.94A.411(2)(a)(ii)(B).

"'Theft' means . . . [b]y color or aid of deception to obtain control over the property . . . of another . . . , with intent to deprive him or her of such property . . . ." RCW 9A.56.020(1)(b). "'By color or aid of deception' means that the deception operated to bring about the obtaining of the property . . . ; it is not necessary that deception be the sole means of obtaining the property . . . ." RCW 9A.56.010(4). "'Deception' occurs when an actor knowingly . . . [c]reates or confirms another's false impression which the actor knows to be false; or . . . [f]ails to correct another's impression which the actor previously has created or confirmed." RCW 9A.56.010(5)(a)-(b). "'Obtain control over' in addition to its common meaning, means . . . [i]n relation to property, to bring about a transfer . . . to the obtainer . . . of a legally recognized interest in the property." RCW 9A.56.010(10)(a).

Before July 26, 2009, third degree theft applied to property up to $250 in value, second degree theft applied to property over $250 and up to $1,500 in value, and first degree theft applied to property over $1,500 in value.  Former RCW 9A.56.030(1)(a) (2007); former RCW 9A.56.040(1)(a) (2007); former RCW 9A.56.050(1)(a) (1998). Effective July 26, 2009, third degree theft applies to property up to $750 in value, second degree theft applies to property over $750 and up to $5,000 in value, and first

---

[1] "These standards are intended solely for the guidance of prosecutors in the state of Washington.  They are not intended to, do not and may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by a party in litigation with the state." RCW 9.94A.401.

6

degree theft applies to property over $5,000 in value. RCW 9A.56.030(1)(a), .040(1)(a), .050(1)(a). But under the common law, the State may aggregate values from a series of thefts if they are part of a common scheme or plan. *See State v. Vining*, 2 Wn. App. 802, 808, 472 P.2d 564 (1970); *State v. Meyer*, 26 Wn. App. 119, 124, 613 P.2d 132 (1980); *State v. Barton*, 28 Wn. App. 690, 694-95, 626 P.2d 509 (1981); *State v. Atterton*, 81 Wn. App. 470, 472, 915 P.2d 535 (1996); 11A WASHINGTON PRACTICE, WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 79.20, at 196 (3d ed. 2008).

Considering these statutory definitions, the State had discretion to charge Mr. Cox with as many thefts as the number of payments he received. *See State v. Kinneman*, 120 Wn. App. 327, 338, 84 P.3d 882 (2003). Each time he received a payment, he "obtain[ed] control over" a distinct sum of government money, RCW 9A.56.010(10)(a), .020(1)(b), even though he did so by color or aid of the same deception, with the same intent to deprive, and as part of a common scheme or plan. Additionally, the State had discretion to aggregate these sums and charge three counts reflecting three consecutive time periods. *See State v. Linden*, 171 Wash. 92, 102, 17 P.2d 635 (1932); *State v. Perkerewicz*, 4 Wn. App. 937, 941-42, 486 P.2d 97 (1971); *State v. Carosa*, 83 Wn. App. 380, 382-84, 921 P.2d 593 (1996). Mr. Cox was acquitted of the count I timeframe. The facts involved deception of different doctors at different times. Considering all, we cannot conclude the State abused its charging discretion because we cannot say the number of charges is unrelated to the nature and seriousness of Mr. Cox's criminal conduct.

7

## C. Ineffective Assistance

Mr. Cox contends he received ineffective assistance of counsel in four ways.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 & n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003). To prove counsel was ineffective, the defendant must show "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to show either element defeats the claim. *Id.* at 697.

Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This standard requires "reasonableness under prevailing professional norms" and "in light of all the circumstances." *Id.* at 688, 690. The defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To do so, the defendant must show counsel's performance cannot be explained as a sound defense strategy. *Id.*

Prejudice occurs if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability of a different result exists where counsel's deficient performance "undermine[s] confidence in the outcome." *Id.* The defendant "need not show that counsel's deficient conduct more likely than not altered the outcome in the

8

case." *Id.* at 693. Instead, the defendant "has . . . the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696. This standard requires evaluating the totality of the record. *Id.* at 695.

First, Mr. Cox argues counsel was ineffective because he did not provide Dr. French with some notes from other physicians, hampering his answers on cross-examination. But our record does not indicate one way or another whether counsel ever provided these notes, whether Dr. French ever needed or requested them, and if so, for what. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (stating an appellate court may not consider matters outside the record when reviewing an ineffective assistance of counsel claim on direct appeal). Regardless, Mr. Cox fails to show prejudice because he does not argue a reasonable probability the trial result would have been different if counsel had provided these notes.

Second, Mr. Cox argues counsel was ineffective because he did not object to the State's video on grounds of best evidence or chain of custody. But he does not argue the trial court would have sustained the objection if counsel had raised it. *See* ER 1002 ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required."); ER 1003 ("A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."). Objections to chain of custody typically relate to the weight given the evidence, not its admissibility. The best evidence argument apparently relates to count

9

I; Mr. Cox was acquitted of that charge. And, Mr. Cox cannot show prejudice because he does not argue a reasonable probability the trial result would have been different if the trial court sustained the objection.

Third, Mr. Cox argues counsel was ineffective by not objecting to Mr. Armstrong's testimony suggesting Mr. Cox is an unlikable person. Again, he does not argue the court would have sustained the objection if counsel had raised it. *See* ER 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); ER 402 ("All relevant evidence is admissible, except . . . as otherwise provided . . . by these rules."); ER 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."). And again, Mr. Cox cannot show prejudice because he does not argue a reasonable probability the trial result would have been different if the trial court sustained the objection.

Fourth, Mr. Cox argues his counsel was ineffective because he did not investigate Mr. Cox's capacity to stand trial, relying on five recent medication prescriptions. But our record does not indicate one way or another whether counsel ever investigated this issue, whether Mr. Cox was taking these prescriptions, and if so, for what. *See McFarland*, 127 Wn.2d at 335. Regardless, Mr. Cox cannot show prejudice because he does not argue a reasonable probability the trial result would have been different if counsel investigated this issue.

10

No. 31065-5-III
*State v. Cox*

In sum, we conclude Mr. Cox did not receive ineffective assistance of counsel.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Fearing, J.

11