IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35306-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DONALD LEROY BROERS, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — On appeal from his conviction for second degree theft, Donald

Broers assigns error to the State's charging information and a jury instruction. We reject

the assignments of error.

FACTS

Donald Broers entered the business premises of Valley Vision and Hearing

Associates (Valley Vision) in Ellensburg. Jennifer Perez, a Valley Vision employee,

grew concerned when she saw Broers perusing the store and she also noticed two Oakley

sunglass frames missing from the display case. Perez had placed one of the missing

frames on display that morning and knew it had not yet sold.

Following Donald Broers' visit, Valley Vision employees reviewed an inventory sheet, which sheet listed four unsold pairs of frames and one unsold pair of sunglasses missing from the store's display. Valley Vision Optician Diane Woodward reviewed surveillance footage, which footage revealed Broers taking four frames. Because of a blind spot in the surveillance camera, Woodward could not confirm whether Broers lifted a pair of Oakley Wiley X Tide sunglasses. Law enforcement interviewed Donald Broers at his home. Broers admitted he stole the merchandise.

PROCEDURE

The State of Washington charged Donald Broers with theft in the second degree. The State accused Broers of taking four pairs of prescription lens frames and one pair of Wiley X Tide sunglasses. To convict one of second degree theft, the State must show the value of stolen objects to exceed $750.

During trial, Optician Diane Woodward testified that Valley View found five, not four, pairs of prescription frames missing, but that the surveillance video only caught Donald Broers pilfering four pairs. Woodward could not be certain that Broers took all five pairs of prescription frames.

Diane Woodward testified at trial that the retail price for each individual pair of glasses reflected the amount that Valley Vision would require a customer to pay. Woodward identified Valley View's inventory sheet, which was admitted into evidence as exhibit 22. The sheet included both the wholesale and retail values of the frames. The

retail price for the missing frames were: $100 for the Wiley X Tide sunglasses, $336 for the Carbon Plate Oakley ophthalmic prescription frames, $168 for the Oakley Splinter prescription frames, $280 for the Oakley Tin Cup .5 prescription frames, $237 for the Oakley Keel Blade prescription frames, and $208 for the Oakley Lizard prescription frames. A mathematician would readily conclude that the retail value of the missing frames, even excluding the value of the most expensive prescription frames, exceeds $750.

On cross-examination, Diane Woodward testified to the wholesale value of each glasses frame. Woodward averred that the wholesale costs respectively were: $50 for the Wiley X Tide sunglasses, $148 for the Carbon Plate Oakley ophthalmic prescription frames, $64 for the Oakley Splinter prescription frames, $120 for the Oakley Tin Cup .5 prescription frames, $96 for the Oakley Keel Blade prescription frames, and $84 for the Oakley Lizard prescription frames. A mathematician would readily conclude that the wholesale value of all six missing frames deceeds $750.

The State's proffered instruction 14 given to the jury included the following language:

> Value means the market value of the property at the time and in the approximate area of the act. Whenever any series of transactions that constitute theft is part of a common scheme or plan, then the sum of the value of all transactions shall be the value considered in determining the amount of the value.

Report of Proceedings at 254. Donald Broers did not object to jury instruction 14.

Broers proposed and the court delivered a jury instruction on the lesser included offense of theft in the third degree, which would cover the stealing of goods valued at $750 or less.

During closing, the State asked the jury to base its verdict on the retail value of the frames because Valley Vision lost its profit on the merchandise. During closing, the defense asked the jury to assign wholesale prices to the stolen goods, as opposed to retail prices.

## LAW AND ANALYSIS

### Charging Information

On appeal, Donald Broers first contends that the State sought a conviction based on a common scheme or plan, which theory the State failed to plead. RCW 9A.56.010(21)(c) states:

> Except as provided in RCW 9A.56.340(4) and 9A.56.350(4), whenever any series of transactions which constitute theft, would, when considered separately, constitute theft in the third degree because of value, and said series of transactions are a part of a criminal episode or a common scheme or plan, then the transactions may be aggregated in one count and the sum of the value of all said transactions shall be the value considered in determining the degree of theft involved.
> For purposes of this subsection, "criminal episode" means a series of thefts committed by the same person from one or more mercantile establishments on three or more occasions within a five-day period.

Donald Broer's argument misconstrues the contention of the State. The State never sought to aggregate the respective thefts under a criminal episode theory.

4

RCW 9A.56.010(21)(c) applies only when the accused engages in more than one transaction during three or more different occasions. Broers stole the frames during one occurrence.

Donald Broers cites no law to support his position that the theft of more than one item of merchandise within minutes on the same day in the same store constitutes a series of thefts or transactions on more than one occasion. To the contrary, when the accused steals several chattels of property from the same owner at the same time and at the same place, the accused commits only one theft. *State v. Carosa*, 83 Wn. App. 380, 382-83, 921 P.2d 593 (1996). We suspect Broers would prefer one conviction for second degree theft rather than five or six convictions for third degree theft.

Market Value

In his brief, Donald Broers argues:

> The question of valuation also plays a part in Mr. Broers['] argument. Valuation is a critical aspect of his case.
> The State argued that Valley Vision lost profits. Valley Vision still made a profit when it sold the replacement frames. Its only loss was $562.00—the original wholesale price.

Br. of Appellant at 12-13.

We surmise from this terse passage that Donald Broers may claim error because, as a matter of law, the jury needed to calculate the value of the stolen items based on the wholesale, not the retail price. Perhaps he contends jury instruction 14, to which he never objected, should have directed the jury to base its verdict on wholesale value.

5

No. 35306-1-III
*State v. Broers*

Nevertheless, Broers cites no law to support this contention. This court does not review issues not argued, briefed, or supported with citation to authority. RAP 10.3(a); *Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Avellaneda v. State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012).

## CONCLUSION

We affirm Donald Broers' conviction for second degree theft.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Siddoway, J.

Lawrence-Berrey, C.J.

6