

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE DEC 0 6 2018

Fairhurst. CJ
CHIEF JUSTICE

This opinion was filed for record

at 8 a.m. on Dec 6, 2018

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 95105-5 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| GARY BRUCE FARNWORTH II, | ) | |
| | ) | |
| Petitioner. | ) | Filed    DEC 0 6 2018 |
| | ) | |

JOHNSON, J.—This case concerns whether a prosecutor properly aggregated numerous offenses that would, individually, constitute theft in the second degree into two counts of theft in the first degree. Our common law standard for bringing multiple aggregated counts differs from that created under RCW 9A.56.010(21)(c). At issue here is whether the statutory standard or the common law standard for aggregating theft charges applies in this case and whether the State properly aggregated charges under that standard. The superior court allowed the State to aggregate charges against Gary Farnworth II into two

counts of theft in the first degree, but in a fractured opinion, the Court of Appeals reversed and remanded to vacate one count and to resentence Mr. Farnworth. We reverse the Court of Appeals and hold that, under the facts of this case, the State acted within its discretion when it aggregated Mr. Farnworth's offenses into two counts.

## FACTS

In June 2015, the State of Washington charged Gary Farnworth II with three counts of theft in the first degree.[1] The prosecution alleged that Mr. Farnworth defrauded the State by falsely reporting to the Department of Labor and Industries that he was not working, in order to obtain workers' compensation checks. The two counts of theft at issue covered two time periods during which Mr. Farnworth's acts occurred and that were separated by an almost monthlong period when he was recovering from a back surgery and was entitled to workers' compensation.

Each check cashed during the periods when he was not eligible for benefits would, individually, support only a charge of theft in the second degree, as they exceeded $750, but not $5,000.[2] *See* RCW 9A.56.040(1)(a). However, the State

---

[1] Mr. Farnworth was acquitted of the first count, which involved only one check.

[2] The value of the checks was generally between $1,600 and $1,700.

aggregated the alleged thefts into two charges that each met the $5,000 threshold for theft in the first degree. *See* RCW 9A.56.030(1)(a). In its second amended information, the State explained this decision, stating that each of the counts was "based on a series of transactions which are part of a criminal episode or a common scheme or plan, and which crimes were so closely connected in respect to time, place, and occasion that it would be difficult to separate proof of one charge from proof of the other." Clerk's Papers at 463.

At trial, Mr. Farnworth moved to dismiss the two aggregated charges under RCW 9A.56.010(21)(c), relying on *State v. Hoyt*, 79 Wn. App. 494, 904 P.2d 779 (1995). He claimed that when considered as daily losses, his actions constituted only thefts in the third degree and that RCW 9A.56.010(21)(c) limited the prosecutor to either bringing individual charges of theft in the third degree or aggregating the charges into a single count for each common scheme or plan. He further asserted that his alleged crimes would constitute only one scheme or plan, justifying only a single count. The trial court denied Mr. Farnworth's motion.

The jury found Mr. Farnworth guilty of the two aggregated counts of theft in the first degree. He moved for a new trial, asserting that the court erred when it denied his motion to dismiss the aggregated charges. The court denied Mr. Farnworth's motion and sentenced him to two concurrent 12-month sentences with

3

work release. Mr. Farnworth appealed and once again challenged the State's authority to aggregate the charges into two separate counts of theft in the first degree. The Court of Appeals came to a three-way split on the issue, with two judges in favor of reversing the trial court, but for different reasons. The court reversed and remanded to vacate one of the convictions and for resentencing. *State v. Farnworth*, 199 Wn. App. 185, 220, 398 P.3d 1172 (2017). We granted review. *State v. Farnworth*, 190 Wn.2d 1007, 413 P.3d 1033 (2018).

## ISSUE

Whether the State properly aggregated the charges against Mr. Farnworth into two counts of theft in the first degree.

## ANALYSIS

In the Revised Code of Washington, theft is divided into three separate degrees of severity based on the value of the property or services appropriated. A person is guilty of theft in the first degree if he or she commits theft of property or services that exceed $5,000 in value; theft in the second degree for property or services over $750 but not exceeding $5,000; and theft in the third degree for property or services not exceeding $750. RCW 9A.56.030, .040, .050.

Where an accused has committed a number of thefts against a single person or entity, our cases establish that prosecutors have a degree of discretion to treat the crimes as a continuing offense and to aggregate the value of the property

involved. *See State v. Linden*, 171 Wash. 92, 102-03, 17 P.2d 635 (1932) (upholding prosecutor's aggregation of multiple underlying thefts); *State v. Dix*, 33 Wash. 405, 74 P. 570 (1903) (allowing a single aggregated charge for an ongoing embezzlement scheme). Thefts can be aggregated when "the successive takings are the result of a single, continuing criminal impulse or intent and are pursuant to the execution of a general larcenous scheme or plan." *State v. Vining*, 2 Wn. App. 802, 808, 472 P.2d 564 (1970). But aggregation into a single count is not required; the prosecutor can choose to bring individual charges or can aggregate the underlying offenses into multiple counts.

In *Linden*, relying exclusively on common law principles, this court upheld the State's decision to charge the defendant with three aggregated counts of grand larceny, each of which was based on separate periods of time during which he appropriated funds from his place of employment. Linden argued that the court "should have required the prosecuting attorney to elect upon which one of the three counts" he should be tried, "based on the assumption that the appropriations . . . constituted a continuous offense, and . . . could not be grouped in three separate periods and a count based upon each period." *Linden*, 171 Wash. at 102. We rejected this assertion and held, "'Where the periods covered by the two indictments are entirely *separate and distinct*, a prosecution under one will not bar

a prosecution under the other.'" *Linden*, 171 Wash. at 103 (emphasis added) (quoting 16 C.J. *Criminal Law* § 446, at 268 (1918)).

Since *Linden*, few cases have analyzed the propriety of bringing multiple aggregated charges under the common law. In *State v. Perkerewicz*, the State alleged that the defendant stole money from a cash register over the course of one month, reset the cash register at the end of that month such that it appeared to balance out, and then engaged in the same scheme for another month. 4 Wn. App. 937, 941-42, 486 P.2d 97 (1971). The State charged her with two aggregated counts of grand larceny, with each count covering one month of appropriations. The defendant asserted that the State's decision to split the charges was arbitrary; however, the Court of Appeals rejected this argument. The court, giving particular weight to the fact that Perkerewicz had to reset the cash register back to zero at the beginning of the second month, held the charges were supported by the analysis applied in *Linden* because they covered separate and distinct time periods. *Perkerewicz*, 4 Wn. App. at 942.

In 1975, the legislature enacted what is now RCW 9A.56.010(21)(c), which statutorily authorizes prosecutors to aggregate offenses that would usually constitute only theft in the third degree and use the combined value of the property involved in the offenses to meet the threshold for second or first degree theft. In

such instances, the prosecutor may aggregate only thefts that are part of a single "criminal episode or common scheme or plan" into a single charge. *See Hoyt*, 79 Wn. App. at 497 (affirming the trial court's dismissal of multiple aggregated counts of theft in the first degree that were part of a single common scheme). Importantly, this statute applies only for aggregating offenses that constitute theft in the third degree. The question, then, becomes to what extent the common law standard still remains for aggregating charges of theft in the second degree.

Washington is governed by the common law to the extent it is not inconsistent either with the United States or Washington Constitutions, or with federal or state law. RCW 4.04.010. The legislature maintains the power to supersede, abrogate, or modify the common law by statute, but we have been hesitant to recognize an abrogation "absent clear evidence of the legislature's intent to deviate from the common law." *Potter v. Wash. State Patrol*, 165 Wn.2d 67, 77, 196 P.3d 691 (2008). We have held that a statute abrogates the common law only when "the provisions of a . . . statute are so inconsistent with and repugnant to the prior common law that both cannot simultaneously be in force." *State ex rel. Madden v. Pub. Util. Dist. No. 1*, 83 Wn.2d 219, 222, 517 P.2d 585 (1973). Any statute in derogation of the common law "must be strictly construed," and we will not find the legislature intended that the common law be changed

unless such an intent "appears with clarity." *McNeal v. Allen*, 95 Wn.2d 265, 269, 621 P.2d 1285 (1980). The requirement under RCW 9A.56.010(21)(c) that prosecutors bring only a single aggregated count for each common scheme or plan conflicts with our holding in *Linden* allowing for multiple counts within "separate and distinct" time periods. 171 Wash. at 102. However, because the statute only expressly applies to aggregating charges of theft in the third degree, it implicates *Linden* to the extent the holding would have applied to such charges. The statute makes no mention of charges of theft in the second degree and we find no clear indication of legislative intent that the statute extends beyond its express terms. Thus, under our rule of strict construction, RCW 9A.56.010(21)(c) does not abrogate the common law standard with regard to aggregating charges of theft in the second degree.[3]

The State treated Mr. Farnworth's underlying offenses as instances of theft in the second degree based on the value of the checks he wrongfully obtained. Mr. Farnworth argues that the charges must be based on daily losses, rather than the value of each check, such that his underlying offenses would constitute theft in the

---

[3] Judge Korsmo reached a similar conclusion in his dissent; however, he focused on the fact that theft (then referred to as larceny) has been codified in Washington since at least 1909, thus countering Judge Pennell's assertion that the codification of theft completely abrogated *Linden*. *Farnworth*, 199 Wn. App. at 228 n.11 (Korsmo, J., dissenting); LAWS OF 1909, ch. 249, § 349.

third degree and would be subject to the aggregation statute. Mr. Farnworth provides no support for this assertion, and we see no reason why the State would be required to treat his offenses in this manner. We hold that his underlying offenses, on their own, would constitute theft in the second degree, and aggregation of the charges is governed by the common law.

Under the common law standard, as discussed above, a prosecutor can aggregate the charges into multiple counts so long as they cover "separate and distinct" periods of time. *Linden*, 171 Wash. at 102. However, this is not the only limitation on the State's charging discretion; that discretion is also subject to double jeopardy protections in the Fourteenth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution. Consistent with these protections, an ongoing offense may not be arbitrarily divided up to support separate charges such that a defendant is, for all intents and purposes, punished twice for the same offense. *In re Snow*, 120 U.S. 274, 282, 7 S. Ct. 556, 30 L. Ed. 658 (1887); *see also Brown v. Ohio*, 432 U.S. 161, 169, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977) (holding that "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units"). Thus, where the State has chosen to aggregate charges, treating a defendant's thefts as a

"general larcenous scheme or plan," *Vining*, 2 Wn. App. at 808, separating the

aggregated charges into multiple counts cannot be performed in an arbitrary

fashion. Some factual basis must justify the separate charges, such as in

*Perkerewicz*, where the defendant had to reset the cash register, forcing her to

begin her scheme anew. 4 Wn. App at 941-43.

The facts of this case support the State's decision to bring two separate

counts. The underlying offenses occurred during two time periods, without any

overlap, with an almost monthlong intervening period. During that intervening

period, Mr. Farnworth was not defrauding the State to obtain the benefits.

However, when he returned to work and his workers' compensation eligibility

ended, he once again engaged in false reporting to receive benefits to which he was

not entitled. This intervening period justifies the State's decision to split the

aggregated charges. The superior court correctly denied Mr. Farnworth's request

to dismiss the aggregated charges.

## CONCLUSION

We reverse the Court of Appeals and hold, under the facts here, the State

acted within its discretion when it aggregated Mr. Farnworth's offenses into two

separate counts of theft in the first degree.

WE CONCUR: